**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2781
_____

UNITED STATES OF AMERICA

v.

SHAQUILL MORRIS,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-20-cr-00438-001)
District Judge: Hon. Gene E. K. Pratter
_____

Submitted Under Third Circuit LAR 34.1(a)
October 26, 2023

Before: HARDIMAN, FREEMAN, and MONTGOMERY-REEVES, *Circuit Judges*.

(Filed: October 27, 2023)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Shaquill Morris appeals his judgment of sentence, claiming the District Court erroneously calculated his Guidelines range by designating him as a career offender. We will affirm.

I

On October 13, 2020, two Philadelphia police officers arrested Morris, a convicted felon, after being notified that he was illegally possessing a firearm. They recovered a loaded handgun, over 5 grams of cocaine base, and an unspecified quantity of phencyclidine (PCP). Pursuant to a federal search warrant, law enforcement searched Morris's residence on November 13, 2020, seizing another handgun and at least 120 grams of heroin, 4 grams of fentanyl, 4 grams of cocaine base, and 213 grams of PCP (with nearly 15 grams constituting the amount of pure substance). Morris was indicted for possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (Count One); possession with the intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count Two); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three). He pleaded guilty to all three counts.

Based on Morris's prior Pennsylvania convictions for robbery and possession with intent to deliver a controlled substance (marijuana), the United States Probation Office concluded that Morris qualified as a career offender under § 4B1.1(a) of the United States Sentencing Guidelines. In the Presentence Investigation Report (PSR), the Probation Office calculated the Guidelines range for Morris as 262 to 327 months' imprisonment.

In response to Morris's objection to the career offender classification, the Probation Office issued a PSR Addendum in which it determined that Morris's Guidelines range would be 130 to 147 months absent the career offender enhancement.

At sentencing, the District Court rejected Morris's objection to the career offender classification and adopted the PSR's factual findings and, accordingly, the higher Guidelines range. After considering the sentencing factors in 18 U.S.C. § 3553(a), the Court applied a downward variance and sentenced Morris to 216 months' imprisonment and 5 years of supervised release. In doing so, the Court also stated that if Morris did not qualify as a career offender, it would have imposed the same sentence as an upward variance from the otherwise applicable Guidelines range of 130 to 147 months.

Morris timely appealed his sentence,[1] arguing that the District Court erred in sentencing him as a career offender because neither offense identified by the Probation Office constituted a predicate offense under U.S.S.G. § 4B1.1(a).

## II

We need not decide whether the District Court erred in determining that Morris's prior felony convictions constituted predicate offenses under U.S.S.G. § 4B1.1(a) because any error would have been harmless. *See United States v. Carter*, 730 F.3d 187, 193–94 (3d Cir. 2013). The District Court was aware of both Guidelines ranges at sentencing, and it adequately explained why it would have varied upward from a Guidelines range of 130 to 147 months' imprisonment to arrive at the 216-month

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

sentence even if Morris were not a career offender. At the sentencing hearing and in its post-sentencing opinion, the Court explained the purposes of a long sentence in light of the § 3553(a) sentencing factors, emphasizing the need for deterrence and incapacitation in light of Morris's extensive criminal history and the dangerousness of his crimes. Constituting more than a "bald statement" that we have rejected as "not sufficiently detailed," the District Court's alternative rationale for imposing the 216-month sentence was adequately explained, and any error in applying the career-offender enhancement would have been harmless. *See Carter*, 730 F.3d at 193–94; *United States v. Zabielski*, 711 F.3d 381, 387–89 (3d Cir. 2013).

*     *     *

For the reasons stated, we will affirm the judgment of the District Court.